IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JULEEN BROWN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 3:16CV177 |
| ERIC D. WILSON, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**
(Dismissing 28 U.S.C. § 2241 Petition)

Juleen Brown, a federal inmate proceeding *pro se*, submitted this Petition for a Writ of Habeas Corpus ("§ 2241 Petition," ECF No. 1.) The matter is before the Court for preliminary review. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1] For the reasons set forth below, the § 2241 Petition will be dismissed for lack of jurisdiction.

**A. Procedural History**

Brown was convicted in this Court of "conspiracy to distribute crack cocaine, distribution of crack cocaine, and aiding or inducing the distribution of crack cocaine." *United States v. Brown*, No. 97–4242, 1998 WL 66590, at *1 (4th Cir. Feb. 19, 1998). Thereafter, the Court denied a 28 U.S.C. § 2255 motion filed by Brown. *See United*

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

*States v. Brown*, No. 99–7008, 1999 WL 1020772, at *1 (4th Cir. Nov. 10, 1999). In her § 2241 Petition, Brown contends that she is entitled to relief because this Court lacked jurisdiction to prosecute her. As explained below, it is plain under the precedent in the United States Court of Appeals for the Fourth Circuit that Brown may not utilize 28 U.S.C. § 2241 to challenge her conviction or sentence.

**B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

2

obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).³

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

C. Analysis of Brown's 28 U.S.C. § 2241 Petition

Brown fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Brown fails to demonstrate that "subsequent to [her] direct appeal and [her]

---

³ Brown cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting that she is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

first § 2255 motion, the substantive law changed such that the conduct of which [she] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). Brown's conduct in distributing crack and conspiring to distribute crack remains a crime. Accordingly, Brown's § 2241 Petition will be dismissed for lack of jurisdiction. The Court will deny a certificate of appealability.

    An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 18 2016
Richmond, Virginia